CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 16 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:04CR00015 |
| | ) | (CASE NO. 5:11CV80375) |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| RICKEY A. MERICA, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Rickey A. Merica, a federal inmate proceeding pro se, has submitted a pleading that he styles as a "Motion Under Federal Rules of Civil Procedures—60(d)(1) & (3)." Merica insists that this submission is "an 'Independent Action' that demonstrates a 'grave miscarriage of justice.'" Because Merica is raising claims challenging the validity of his confinement under the federal criminal judgment entered in Case No. 5:04CR00015, however, the court concludes that Merica's submission is properly construed and dismissed as a successive motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255.[1]

I.

An original indictment returned in October 2004 charged Merica and others with drug trafficking offenses. While the other defendants pleaded guilty, Merica did not do so. His submissions include a letter from the prosecutor to his defense counsel in March 2005, advising that if Merica rejected the proffered plea bargain and elected to go to trial, the government would "seek a new indictment for Merica . . . including all of the additional drug and firearms violations about which we now have testimony." (ECF No. 229-2) The letter also warned that two

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

firearms offenses under 18 U.S.C. § 924(c) would carry mandatory consecutive sentences totaling at least 25 years.

Merica did not plead guilty to the original charges. On May 25, 2005, the grand jury returned a superseding indictment charging Merica with two violations of § 924(c). Merica was ultimately tried before a jury, found guilty, and convicted on all counts. The court sentenced him to 235 months on the drug trafficking conspiracy offense, 84 months on the first § 924(c) offense, and 300 months on the second § 924(c) offense, with both firearm sentences to run consecutively to each other and to the conspiracy sentence, for a total term of 619 months imprisonment. Merica appealed, and the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Merica, 196 Fed. App'x. 148 (4th Cir. August 25, 2006).

Merica then pursued a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, among other claims alleging that the grand jury vote on the superseding indictment was defective. The court denied relief, and Merica's subsequent appeal and petition for a writ of certiorari were unsuccessful. See Merica v. United States, Case No. 7:07CV00350 (W.D. Va. Date), appeal dismissed, 275 Fed. App'x 267 (4th Cir. April 30, 2008), cert. denied, 555 U.S. 924 (2008). After the appeals process concluded, Merica pursued a motion and then a petition for a writ of mandamus seeking disclosure of grand jury records; both the motion and the mandamus petition were denied. See In re Merica, 384 Fed. App'x 266 (4th Cir. June 24, 2010) (denying petition for writ of mandamus to obtain grand jury records).

In his current motion, Merica asserts his belief that the prosecution offered no evidence before the grand jury in support of the charges brought against Merica under 18 U.S.C. § 924(c). He cites Rule 60(d) as authority under which the court can "entertain an independent action to relieve a party from a judgment, order, or proceeding; [or] [s]et aside a judgment for fraud on the

court." He states that his Rule 60(d) action "is being brought forth due to this Court's decision not to allow this Petitioner access to specific portions of the Grand Jury Proceedings in this criminal matter." Merica claims that he has met the required showings for disclosure of the requested records and that the court's continued concern for the secrecy of these records so long after the trial is misplaced. Merica asserts that when the superseding indictment brought two § 924(c) charges against him, he "was caught completely off guard, because, before then, he hadn't heard of any evidence linking firearms to the drug conspiracy." Even now, he believes the government's evidence ties only one firearm, at most, to underlying drug trafficking activities.

II

Rule 60 of the Federal Rules of Civil Procedure includes a provision whereby a litigant in a civil action may correct errors in a civil judgment or order based on clerical mistakes or grant relief from a final judgment or order. Subsection (d) of Rule 60 recognizes that the other provisions in the rule do not limit a court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . grant relief to a defendant . . . not personally notified of the action; or . . . set aside a judgment for fraud on the court."

Rule 60(b) is, by definition, a rule of civil procedure. Such rules, designed to govern litigation of civil actions, do not and cannot provide authority for attacking or overturning a criminal judgment. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (finding that Federal Rules of Civil Procedure do not provide vehicle to challenge criminal judgment). Whatever title or twist Merica attaches to his current motion, it is clear that his intention is to

3

obtain relief from the criminal judgment against him. As Rule 60 is a civil rule that provides no authority for the remedy Merica seeks, the court will deny his motion under Rule 60(d).[2]

A Rule 60(b) motion that seeks to revisit a judgment dismissing a § 2255 action as without merit should be dismissed as a successive habeas petition to prevent defendants from using such a motion to circumvent the rule against successive § 2255 actions in § 2255(h). Gonzales v. Crosby, 545 U.S. 524, 531-32 (2005). Similarly, a motion which seeks to advance one or more substantive claims allegedly omitted from the initial § 2255 motion or to submit new evidence or argument in support of a claim raised in the prior § 2255 motion must also be construed and dismissed as a new, successive § 2255 motion. Id. Because the court construes Merica's motion as essentially seeking to invalidate his § 924(c) convictions, the court construes the action as one arising under § 2255.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As stated, Merica previously pursued a § 2255 motion, challenging the criminal judgment in this case. See Case No. 7:07CV00350. Merica offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Accordingly, the court must dismiss his current action without prejudice. An appropriate order will issue this day.

---

[2] Merica has not demonstrated here that he is entitled to relief under Rule 60(d) from the court's judgment denying relief on his initial § 2255 action, Case No. 7:07CV00350, because he fails to demonstrate any particular procedural defect in that proceeding. Gonzales, 545 U.S. at 352 (finding that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas). In that initial § 2255 motion, Merica claimed that an insufficient number of grand jurors voted to return the superseding indictment and sought disclosure of grand jury records to prove his allegation; the court held that he had failed to make the necessary showing of "particularized need" for disclosure of such records and denied relief. (Case No. 7:07CV00350, Mem. Op. 6-7, Dec. 21, 2007.)

4

The defendant is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(1). Defendant has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If defendant intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 15th day of December, 2011.

*/s/ Glen Conrad*
Chief United States District Judge

5

Case 5:04-cr-00015-GEC-RSB   Document 230   Filed 12/16/11   Page 5 of 5   Pageid#: 872